```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
STATE OF NEW YORK ex rel. AMERICAN                             :
ADVISORY SERVICES, LLC,                                        :
                                                               :
                        Plaintiff-Relator,                     :         21-cv-6883 (LJL)
                                                               :
        -v-                                                    :         ORDER
                                                               :
EGON ZEHNDER INTERNATIONAL, INC. and EGON                      :
ZEHNDER INTERNATIONAL AG,                                      :
                                                               :
                        Defendants.                            :
                                                               :
---------------------------------------------------------------X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 2/24/2022

LEWIS J. LIMAN, United States District Judge:

      The Court held oral argument yesterday on the pending Plaintiff's motion to remand and on Defendants' motion to dismiss for failure to state a claim for relief. As indicated at oral argument, certain, if not all, of the arguments made by Defendants on its motion to dismiss appear to invite the Court to make the type of inquiry in judging the sufficiency of Plaintiff's complaint that Defendants otherwise argue is committed at least in the first instance to the United States Internal Revenue Service ("IRS").

      In particular, Defendants argue that the first cause of action fails to state a claim for relief because there has been no well-pled allegation that Egon Zhender International, Inc. ("EZ USA") holds money to be delivered to New York State and New York City since the IRS has not determined that income should be reallocated, and thus income need not be reallocated. Defendants similarly argue that the second cause of action fails to state a claim for relief because there is no well-pled allegation that anything that EZI USA reported on its returns was false, that anything it omitted to disclose on its tax returns would have been material to the IRS, that Defendants acted with scienter, or that Defendants in fact owed money. Defendants also argue that the statements made by Defendants did not violate the New York False Claims Act because the IRS has not (yet) imposed an obligation on Defendants to allocate additional gross income to its returns.

      Unless the Court misunderstands Defendants' argument, it appears to presume either (i) because the IRS has discretion to reallocate income and because "'application of a method may produce a number of results from which a range of reliable results may be derived,'" Dkt. No. 21 at 16 (quoting 26 C.F.R. § 1.482(e) (1)), there can be no reporting of income that would be subject to the transfer-pricing rules that would violate a pre-existing "statute or regulation," N.Y. Fin. L. § 188(4); or (ii) it should be up to the Court to determine – after removal[1] – whether

---

[1] The parties should not presume that the Court has made a determination with respect to

Defendant's reporting of alleged U.S. source income is so wanting that it runs afoul of any range of reasonableness under the Internal Revenue Code. Indeed, the very questions that Defendants suggest the Court should ask on its motion to dismiss—whether there was a false statement, whether it was material, whether Defendants acted with scienter—appear to be the same kinds of questions that in its opposition to the motion to remand Defendants assert require a uniform national answer to be provided by the IRS and subject to review in the manner that IRS determinations under the Internal Revenue Code are reviewed.

    The Court invites the parties to submit supplemental briefs no longer than five-single spaced pages on these issues, including whether the Court is mistaken in its understanding and, in the alternative, if it is not mistaken, whether some other doctrine such as that of primary jurisdiction or law that might be particular to the taxation system might be applicable to the claims in this case. The parties shall submit the briefs by March 4, 2022.

    SO ORDERED.

Dated: February 24, 2022  
       New York, New York

                                        LEWIS J. LIMAN  
                                  United States District Judge

---

removal. It has not.