

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES                                                                                                               DIVISION OF ECONOMIC JUSTICE
ATTORNEY GENERAL                                                                                                        TAXPAYER PROTECTION BUREAU

June 15, 2022

**By ECF**

Hon. Lewis J. Liman
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y.  10007

      Re:   *State of New York ex rel. Am. Advisory Servs., LLC, v. Egon Zehnder Int'l, Inc., et al.*
              <u>No. 21 Civ. 6883</u>

Dear Judge Liman,

The New York Attorney General represents the State of New York in connection with the above-captioned *qui tam* action brought under the New York False Claims Act by relator American Advisory Services, LLC. Although the Relator is the named plaintiff, the State is the real party in interest, and the State may settle the New York False Claims Act causes of action brought on its behalf.

The State has reached an agreement in principle with Defendants to settle the New York False Claims Act causes of action that comprise this *qui tam* action. The State and Defendants are currently negotiating the language of the proposed settlement agreement. The State understands that Relator intends to object to the proposed settlement as not fair, reasonable, and adequate.

Later this week, the State intends to file a motion to intervene in order to settle the claims asserted by Relator in the State's name and on the State's behalf. And once the State and Defendants have reached agreement on the language of the proposed settlement agreement, the State intends to file a motion seeking a determination by the Court, pursuant to New York State

Finance Law § 190(5)(b)(ii)[1], that notwithstanding any objection by Relator, the proposed settlement "is fair, adequate, and reasonable with respect to all parties under all the circumstances."

Because approval of the proposed settlement between the State and Defendants will moot the pending motion to dismiss, and in order to permit the State to devote its energy to promptly completing the settlement agreement and drafting and filing the motions described above, the State respectfully requests that the Court postpone the deadline[2] for any amicus briefs filed by the New York Attorney General and the New York State Department of Taxation and Finance in response to the Court's Order dated March 23, 2022 [Dkt. No. 42] until after the Court rules on the State's upcoming motion seeking a determination that the proposed settlement agreement is fair, adequate, and reasonable.

I have conferred with counsel for Defendants and Relator. Defendants consent to the extension of the deadline for amicus briefing. Relator will not consent to an extension of the deadline for amicus briefing, and has provided the following explanation: "Relator is not consenting because, if a settlement is completed on the terms currently contemplated, it will be objecting to the settlement, as permitted under the New York False Claims Act, as not fair, reasonable, and adequate." This is the third request for an extension of this deadline, and there are not currently any scheduled appearances in this action.

The request is GRANTED, and the deadline for the submission of any amicus briefs is adjourned until the Court rules on a motion to approve a proposed settlement agreement in this case. The State shall make its motion to intervene no later than June 17, 2022.

SO ORDERED.

*[signature]*
LEWIS J. LIMAN
United States District Judge

6/15/2022

Respectfully submitted,

LETITIA JAMES
Attorney General of the State of New York

By: *s/ Bryan P. Kessler*

Bryan P. Kessler
(212) 416-8736

*Attorney for the State of New York*

---

[1] New York law governs this issue. *See Maternally Yours v. Your Maternity Shop*, 234 F.2d 538, 540 n.1 (2d Cir. 1956) ("[I]t is the source of the right sued upon, and not the ground on which federal jurisdiction over the case is founded, which determines the governing law").

[2] The current deadline is Tuesday, June 21, 2022.