UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   9/2/2022
```

---------------------------------------------------------------------X
                            :

STATE OF NEW YORK *et al.*,               :

            Plaintiff,        :

                        :          21-cv-6883 (LJL)

       -v-               :

                        :       MEMORANDUM AND

EGON ZEHNDER INTERNATIONAL, INC *et al.*,  :       ORDER

                        :

         Defendant.      :

                        :

---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

     On September 24, 2021, Defendants filed a motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike material from the amended complaint (the "Amended Complaint") filed in this action. *See* Dkt. No. 17. Specifically, Defendants sought to strike a paragraph from the Amended Complaint that they asserted reflected material that was covered by the attorney-client privilege and inadvertently disclosed and to bar reference to its substance in any further proceedings. *See* Dkt. No. 18. Defendants argued that the motion should be granted "because the document remains privileged and would be inadmissible at trial." *Id.* at 8.

     Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Federal courts have discretion in deciding whether to grant motions to strike," *Capri Sun GmbH v. Am. Beverage Corp.*, 414 F. Supp. 3d 414, 423 (S.D.N.Y. Oct. 29, 2019) (quoting *Orientview Techs. LLC v. Seven For All Mankind, LLC*, 2013 WL 4016302, at *3 (S.D.N.Y. Aug. 7, 2013)), and a court may grant a motion to strike privileged material to prevent such material from being disclosed, *see, e.g.*, *Wellnx Life Scis. Inc. v. Iovate Health Scis. Research Inc.*, No. 1:06-cv-07785-PKC (S.D.N.Y. Aug. 13, 2007), ECF No. 54 (granting motion to strike privileged material from opposition of motion to dismiss). "However, motions to strike under Rule 12(f) are generally 'disfavored and granted only if there is strong reason to do so.'" *Sweigert v. Goodman*, 2021 WL 603069, at *1 (S.D.N.Y. Feb. 16, 2021) (quoting *Anderson News, L.L.C. v. Am. Media, Inc.*, 2013 WL 1746062, at *3 (S.D.N.Y. Apr. 23, 2013)); *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 398 (S.D.N.Y. 2006) ("The Second Circuit has made clear that district courts should be wary when deciding whether to grant a Rule 12(f) motion on the ground that the matter is impertinent and immaterial.") (citing *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)).

     The Amended Complaint has been on the docket in unredacted form for over a year, and the paragraph that Defendants assert contains privileged material has been in the public domain for that time. *See* Dkt. No. 1-5. A settlement agreement resolving this matter has been approved by the Court, and this case is coming to a close. The purported basis for the motion—that in the

absence of a motion to strike, it might be admitted at trial—should no longer be of concern. Considering this and without reaching the merits of the motion including whether Defendants have waived the privilege and the propriety of future use of the assertedly privileged material, the Court will deny the motion in the exercise of its discretion. The Court's order should not be understood to reflect a view, one way or the other, on whether there has been a waiver.

There is also a pending motion to seal a declaration filed in support of the motion to strike. Dkt. Nos. 16, 19. Although the Court did not consider the motion to strike on the merits due to the settlement in this action, the documents filed in support of that motion are still judicial documents to which a presumption of access attaches. *See Lohnn v. Int'l Bus. Mach. Corp.*, 2022 WL 3359737, at *3–5 (S.D.N.Y. Aug. 5, 2022). But just because a presumption of access attaches does not mean that sealing is necessarily inappropriate; "[o]nce the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). And "after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). "Here, the weight of the presumption of access to the declaration[] and exhibits filed in support of [Defendants' motion to strike] is low." *Lohnn*, 2022 WL 3359737, at *5. First, the documents at issue do not speak to the merits of the case; rather, they "closer in nature to filings associated with discovery or in limine proceedings than to dispositive motions or trial documents." *United States v.* Correia, 2020 WL 6683097, at *1 (S.D.N.Y. Nov. 12, 2020). "[F]ilings associated with discovery disputes or motions in limine, where a court's 'authority to [its] core role in adjudicating a case,' are entitled to a 'somewhat lower' weight of presumption." *Id.* at *1 (quoting *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)). Second, the other motion papers submitted in connection with the motion to strike—i.e., the briefs—were not filed under seal and speak to the facts that are contained in the documents filed under seal to the extent they are relevant to the motion to strike; "the information in the sealed declarations and exhibits overlap heavily with the [admittedly more general] information in the unsealed filings and provide only marginal value to those monitoring the federal courts." *Lohnn*, 2022 WL 3359737, at *5. And third, the State of New York and the Defendants settled "before the Court had the opportunity to adjudicate [the motion]" on the merits, and the material will therefore "not play a role in the exercise of judicial power"—power that is ancillary to the Court's core role in adjudicating a controversy. *Lohnn*, 2022 WL 3359737, at *5. Because of the nature of this non-dispositive motion, the redundancy of the relevant content of the sealed documents and the publicly filed briefs, and the fact that the Court has not and will not considered the motion on the merits, the Court concludes that the presumption of public access is low.

The countervailing interests against disclosure overcomes this low presumption for some, but not all, of the documents submitted under seal. In particular, the documents at issue—which are asserted to be protected by the attorney-client privilege—generally reflect communications that appear to have been exchanged between counsel and clients. Even if the attorney-client privilege was waived by their production, the materials were clearly still intended to be kept confidential. *See* Dkt. Nos. 19-1 (letter enclosing materials marked "Confidential Treatment Requested"); *id.* at 5 (explaining that the materials "are being submitted solely for the use of the NYAG, with the understanding that our client believes that the confidentiality protections

accorded to commercial or financial information under the New York Freedom of Information Law . . . apply to the enclosed materials" and that "the enclosed materials may contain confidential trade secrets that derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, other persons who can obtain economic value from either disclosure or use"); 19-3.  And it cannot be that by making a motion a reasonably supported motion to strike an allegation that the party believes to contain its privileged information the party has at the same time waived the privilege.

The exceptions are the Kotlarsky Declaration, appearing at Dkt. No. 19, of which only paragraphs 3 and 4 reflect confidential material and should remain redacted, and the correspondence describing without specificity materials included in productions in response to subpoenas by the New York Attorney General, Dkt. Nos. 19-1, 19-3, 19-4, the existence of which is public knowledge as a result of this litigation.  Those documents—Dkt. No. 19, except for paragraphs 3 and 4; Dkt. No. 19-1; Dkt. No. 19-3; and Dkt. No. 19-4—shall be unsealed as the interest against disclosure does not outweigh even the low presumption of access.  Dkt. No. 19-2 may remain under seal, as may paragraphs 3 and 4 of the Koltarsky Declaration, originally filed at Dkt. No. 19.

For the reasons stated herein, the motion to strike is DENIED as moot.  The motion to seal is GRANTED IN PART and DENIED IN PART.  Defendants are directed to refile the Koltarsky Declaration and exhibits, redacting only the information that is permitted to be redacted under this Order.

The Clerk of Court is respectfully directed to close Dkt. Nos. 16 and 17.


SO ORDERED.


Dated: September 2, 2022
      New York, New York

                                        LEWIS J. LIMAN
                                 United States District Judge